IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BELINDA HOLLAND                                          PLAINTIFF

            v.            Civil No. 06-5225

KEN BERLEY, DDS, LTD.                                    DEFENDANT
                         O R D E R

     Now on this 2nd day of April, 2007, comes on for
consideration defendant's **Motion To Dismiss** (document #4), and
from said motion, and the response thereto, the Court finds and
orders as follows:

     1.  Plaintiff Belinda Holland ("Holland") originally filed
this suit as a claim for breach of oral contract in the Circuit
Court of Benton County, Arkansas, on October 27, 2006.  She
alleged that she was hired by defendant Ken Berley, DDS, Ltd.
("Berley") in 1991, and that as part of her employment contract,
Berley agreed to deposit an amount equal to 25% of her salary into
a retirement plan on her behalf.  She alleged that she received
statements showing how much was being placed into the plan in
1994, 1996, and 1999, but that starting in 1999, and continuing
until late 2005, Berley made excuses for not providing her with
such statements.  She alleged that in January, 2006, she finally
received a statement showing the amount that was in the retirement
plan, and that it was short of what it should have been.

     2.  Berley removed the case to this Court, contending that
the allegations brought it within the purview of the Employee

Retirement Income Security Act ("ERISA"). Berley now moves for dismissal, contending that the statute of limitations had run on Holland's claim before she filed suit. His legal reasoning is that ERISA has no statute of limitations, and that the most analogous statute of limitations is the Arkansas statute governing claims for breach of oral contract, **A.C.A. §16-56-105(1),** which is three years. His factual reasoning is that "[b]y Plaintiff's own admission, she was aware or should have been aware of the alleged discrepancy in the funds in her retirement plan as early as 1994, and certainly no later than 1999."

3. The Court agrees with Berley's legal reasoning, and Holland does not contest it. What Holland does contest, and what the Court cannot accept, is Berley's factual reasoning. The allegations of the Complaint do not lead ineluctably to the conclusion suggested by Berley. While the statements Holland received in 1994, 1996, and 1999 are attached to her Complaint, those statements do not show Holland's earnings. It is thus impossible to tell, from the face of the Complaint - even in conjunction with its attached exhibits - what Holland could have determined about her retirement account by looking at those documents.

In evaluating a motion to dismiss, the Complaint must be viewed in the light most favorable to the plaintiff, and dismissal granted only in "the unusual case in which a plaintiff includes

allegations that show on the face of the complaint that there is some insuperable bar to relief." **Krentz v. Robertson Fire Protection District**, **228 F.3d 897, 905 (8th Cir. 2000)** (internal quotation marks omitted).  That cannot be said at this stage of this case, and the Motion To Dismiss will, therefore, be denied.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Dismiss** (document #4) is **denied.**

**IT IS SO ORDERED.**

        /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

-3-